

CJG/199604395

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 02-714 (WHW) |
| v. | : | |
| SALOMON CAMACHO MORA,<br>  a/k/a "El Viejo,"<br>  a/k/a "Papa Grande,"<br>  a/k/a "Hector," | :<br><br>: | |
| MARCOS IVAN ESPINOZA DE LEON,<br>  a/k/a "Marquitos," | : | 18 U.S.C. §§ 1956, 982 & 2 |
| MANUEL RAMON DEL RISCO TORRENTE,<br>  a/k/a "Moncho," | : | |
| FNU LNU,<br>  a/k/a "Raffi," | : | |
| HECTOR FABIO GARCIA,<br>  a/k/a "Rubin," and | : | SUPERSEDING INDICTMENT |
| IVAN ARANGO | : | |

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### Count 1

(Conspiracy to Launder Drug Proceeds)

### DEFENDANTS

1. At times relevant to the Indictment:

   a. defendant SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," resided in Colombia, South America, and led an organization that exported narcotics from Colombia, which were sold in the United States and elsewhere. He directed conspirators, including defendants MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," and MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," to arrange for the surreptitious transfer from the United States of cash proceeds of narcotics sales ("drug

proceeds") through various means designed to conceal the nature, source, ownership and control of the drug proceeds;

      b. defendant MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," resided in Colombia, South America, and organized the surreptitious transfer of the organization's drug proceeds;

      c. defendant MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," resided in Colombia, South America, and caused the transfer of some of the organization's drug proceeds to and from, among other places, a location in New Jersey, using various means;

      d. defendant FNU LNU, a/k/a "Raffi," resided in the United States and served as a courier who delivered some of the organization's drug proceeds to a location in New Jersey;

      e. defendant HECTOR FABIO GARCIA, a/k/a "Rubin," resided in the United States and served as a courier who delivered and attempted to deliver some of the organization's drug proceeds to a location in New Jersey; and

      f. defendant IVAN ARANGO resided in the United States and accepted delivery of some of the organization's drug proceeds.

## THE CONSPIRACY

2. From in or about June 1998 through in or about November 1999, in Hudson County, in the District of New Jersey, and elsewhere, defendants

SALOMON CAMACHO MORA
a/k/a "El Viejo,"
a/k/a "Papa Grande,"
a/k/a "Hector,"
MARCOS IVAN ESPINOZA DE LEON,
a/k/a "Marquitos,"
MANUEL RAMON DEL RISCO TORRENTE,
a/k/a "Moncho,"

FNU LNU,
a/k/a "Raffi,"
HECTOR FABIO GARCIA,
a/k/a "Rubin," and
IVAN ARANGO,

did knowingly and willfully conspire and agree with one another and with others to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, specifically the transfer, delivery, and other disposition of approximately $1,600,000 that was the proceeds of drug distribution, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, namely drug distribution, contrary to Title 18, United States Code, Section 1956(a)(1).

## OBJECT OF THE CONSPIRACY

3. It was the principal object of the conspiracy to transfer drug proceeds from the United States to Colombia, South America, and elsewhere, through financial transactions designed to conceal the nature, source and ownership of the drug proceeds.

## MANNER AND MEANS

4. It was part of the conspiracy that defendant SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," and members of his drug organization sold narcotics in exchange for United States currency.

5. It was a further part of the conspiracy that certain conspirators, acting on behalf of defendant SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," gathered the drug proceeds.

3

6. It was a further part of the conspiracy that defendants MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," and MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," organized and directed the movement of the drug proceeds to various locations, including a location in New Jersey.

7. It was a further part of the conspiracy that certain conspirators, including defendants FNU LNU, a/k/a "Raffi," and HECTOR FABIO GARCIA, a/k/a "Rubin" delivered drug proceeds to locations in New Jersey as follows:

| Approx. Date | Approx. Amount |
| --- | --- |
| July 18, 1998 | $150,050 |
| November 5, 1998 | $149,483 |
| July 28, 1999 | $80,470 |
| August 25, 1999 | $188,946 |

8. It was a further part of the conspiracy that on or about September 22, 1999, defendant HECTOR FABIO GARCIA, a/k/a "Rubin," attempted to deliver approximately $500,000 of drug proceeds to a location in New Jersey.

9. It was a further part of the conspiracy that once the drug proceeds had been delivered to the selected location, defendants MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho" provided further instructions regarding the disposition of the money.

10. It was a further part of the conspiracy that, at the direction of conspirators, including defendant MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," some of the drug proceeds that had been delivered to the New Jersey location were: (a) physically delivered to another conspirator; and (b) deposited into bank accounts and, thereafter, wire

transferred to other bank accounts that certain conspirators controlled.

        11. It was further part of the conspiracy that on or about July 29, 1998, at the direction of conspirators, including defendant MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," approximately $138,000 of drug proceeds were received by defendant IVAN ARANGO at a location in Florida.

        In violation of Title 18, United States Code, Section 1956(h).

Counts 2 through 9

1. Paragraphs 1 and 3 through 11 of Count 1 are incorporated as if set forth at length herein.

2. On or about the dates listed below, in Hudson County, in the District of New Jersey, and elsewhere, the defendants listed below, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, did knowingly and willfully conduct, cause to be conducted, and attempt to conduct the following financial transactions which, in fact, involved the proceeds of specified unlawful activity, namely drug distribution:

| Count | Defendants | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 2 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," and FNU LNU, a/k/a "Raffi" | 7/18/1998 | $150,050 | Currency delivered to North Bergen, New Jersey |
| 3 | MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," and IVAN ARANGO | 7/29/1998 | $138,000 | Telephone calls to New Jersey to arrange to deliver currency; and currency received in Miami, Florida |

| | | | | |
|---|---|---|---|---|
| 4 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," and FNU LNU, a/k/a "Raffi" | 11/5/1998 | $149,483 | Currency delivered to Union City, New Jersey |
| 5 | MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho" | 11/5/1998 | $138,983 | Currency wire transferred from New Jersey to bank accounts |
| 6 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," and HECTOR FABIO GARCIA, a/k/a "Rubin" | 7/28/1999 | $80,470 | Currency delivered to Union City, New Jersey |
| 7 | SALOMON CAMACHO MORA a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," and HECTOR FABIO GARCIA, a/k/a "Rubin" | 8/25/1999 | $188,946 | Currency delivered to Union City, New Jersey |
| 8 | MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," and | 8/25/1999 | $177,546 | Currency wire transferred from New Jersey to bank accounts |

7

| 9 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector,"<br><br>MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho," and<br><br>HECTOR FABIO GARCIA, a/k/a "Rubin" | 9/22/1999 | $500,000 | Attempt to deliver currency to Union City, New Jersey |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## **FORFEITURE ALLEGATION**

1. The allegations contained in Counts 1 through 9 are incorporated as if set forth at length herein for the purposes of noticing forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of an offense set forth in Counts 1 through 9 of this Indictment shall forfeit to the United States the following property:

    a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, for which the defendant is convicted, and all property traceable to such property, including the following:

        (i) all money and other property that was the subject of each transaction, transportation, transmission, and transfer in violation of Title 18, United States Code, Section 1956;

        (ii) all commission, fees and other property constituting proceeds obtained as a result of those violations; and

        (iii) all property used in any manner and part to commit and to facilitate the commission of those violations.

    b. A money judgment equal to the total amount of money involved in any offense set forth in Counts 1 through 9 for which each defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in the offense.

9

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 2 above, if, by any act and omission of any defendant, the property described in paragraph 2, or any portion there of:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

Pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
CHRISTOPHER J. CHRISTIE
United States Attorney

CASE NUMBER: 03-714 (WHW)

## United States District Court
### District of New Jersey

UNITED STATES OF AMERICA

v.

SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector,"
MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos,"
MANUEL RAMON DEL RISCO TORRENTE, a/k/a "Moncho,"
FNU LNU, a/k/a "Raffi,"
HECTOR FABIO GARCIA, a/k/a "Rubin," and
IVAN ARANGO

## SUPERSEDING INDICTMENT

18 U.S.C. §§ 1956, 982, & 2

CHRISTOPHER J. CHRISTIE
U.S. ATTORNEY  NEWARK, NEW JERSEY

CHRISTOPHER J. GRAMICCIONI
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 297-2067