CJG/199604395

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 02-714 (WHW) |
| v. | : | |
| SALOMON CAMACHO MORA, | : | |
| a/k/a "El Viejo," | | |
| a/k/a "Papa Grande," | : | |
| a/k/a "Hector," | | |
| HERMAGORAS GONZALEZ-POLANCO, | : | 18 U.S.C. §§ 1956, 982 & 2 |
| a/k/a "Armando Gonzalez Apushana," | | 21 U.S.C. §§ 841, 846 & 853 |
| a/k/a "Gordito Gonzalez," | : | |
| a/k/a "Milciades," | : | |
| MARCOS IVAN ESPINOZA DE LEON, | | |
| a/k/a "Marquitos," | : | |
| FNU LNU, | | |
| a/k/a "Raffi," | : | SUPERSEDING INDICTMENT |
| HECTOR FABIO GARCIA, | | |
| a/k/a "Rubin" | : | |

**FILED**

AUG 9 2005

AT 8:30 ................ M
WILLIAM T. WALSH
CLERK

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### Count 1

(Conspiracy to Commit Money Laundering)

#### DEFENDANTS

1. At all times relevant to the Indictment:

a. defendant SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," resided in Colombia, South America, and led an organization that smuggled narcotics, specifically cocaine, into the United States and elsewhere. Upon the sale and distribution of cocaine in the United States, defendant SALOMON CAMACHO MORA directed co-conspirators, including defendants MARCOS IVAN ESPINOZA DE LEON and

HERMAGORAS GONZALEZ-POLANCO, to arrange for the surreptitious transfer of cash proceeds of narcotics sales ("drug proceeds") from the United States through various means designed to conceal the nature, source, ownership and control of the drug proceeds;

      b. defendant HERMAGORAS GONZALEZ-POLANCO, a/k/a "Armando Gonzalez Apushana," a/k/a "Gordito Gonzalez," a/k/a "El Tio," a/k/a "Milciades," resided in Venezuela, South America, organized the shipment and transfer of narcotics on behalf of SALOMON CAMACHO MORA, from Colombia to the United States via Venezuela and Puerto Rico. Additionally, defendant HERMAGORAS GONZALEZ-POLANCO organized and directed the surreptitious transfer of the organization's drug proceeds;

      c. defendant MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," resided in Colombia, South America, and organized the surreptitious transfer of the organization's drug proceeds;

      d. defendant FNU LNU, a/k/a "Raffi," resided in the United States and served as a courier who delivered some of the organization's drug proceeds to a location in New Jersey;

      e. defendant HECTOR FABIO GARCIA, a/k/a "Rubin," resided in the United States and served as a courier who delivered and attempted to deliver some of the organization's drug proceeds to a location in New Jersey.

2

## THE CONSPIRACY

2. From in or about June 1998 through in or about December 2000, in the District of

New Jersey and elsewhere, defendants

> SALOMON CAMACHO MORA,
> a/k/a "El Viejo,"
> a/k/a "Papa Grande,"
> a/k/a "Hector,"
> HERMAGORAS GONZALEZ-POLANCO,
> a/k/a "Armando Gonzalez Apushana,"
> a/k/a "Gordito Gonzalez,"
> a/k/a "Milciades,"
> MARCOS IVAN ESPINOZA DE LEON,
> a/k/a "Marquitos,"
> FNU LNU,
> a/k/a "Raffi,"
> HECTOR FABIO GARCIA,
> a/k/a "Rubin"

did knowingly and willfully conspire and agree with one another and with others to conduct financial transactions which in fact involved the proceeds of specified unlawful activity, specifically the transfer, delivery, and other disposition of approximately $1,600,000 that was the proceeds of drug distribution, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, namely drug distribution, contrary to Title 18, United States Code, Section 1956(a)(1).

## OBJECT OF THE CONSPIRACY

3. It was the principal object of the conspiracy to transfer drug proceeds from the United States to Colombia, South America, and elsewhere, through financial transactions designed to conceal the nature, source and ownership of the drug proceeds.

3

## MANNER AND MEANS

4. It was part of the conspiracy that defendant SALOMON CAMACHO MORA and members of his drug organization sold narcotics, specifically cocaine, in exchange for United States currency.

5. It was a further part of the conspiracy that certain co-conspirators, acting on behalf of defendant SALOMON CAMACHO MORA gathered the drug proceeds.

6. It was a further part of the conspiracy that defendants HERMAGORAS GONZALEZ-POLANCO and MARCOS IVAN ESPINOZA DE LEON organized and directed the transportation and delivery of the drug proceeds to various locations, including locations in New Jersey, so the proceeds could be transmitted back to co-conspirators in Colombia, South America.

7. It was a further part of the conspiracy that certain conspirators, including defendants FNU LNU and HECTOR FABIO GARCIA delivered drug proceeds to certain prearranged locations in New Jersey.

8. It was a further part of the conspiracy that on or about September 22, 1999, defendant HECTOR FABIO GARCIA attempted to deliver approximately $500,000 of drug proceeds to a location in New Jersey.

9. It was a further part of the conspiracy that once the drug proceeds had been delivered to the selected location, defendants HERMAGORAS GONZALEZ-POLANCO and MARCOS IVAN ESPINOZA DE LEON provided further instructions regarding the disposition of the money.

4

10. It was a further part of the conspiracy that other co-conspirators ensured that some of the drug proceeds that had been delivered to the New Jersey location were: (a) physically delivered to another conspirator; and (b) deposited into bank accounts and, thereafter, wire transferred to other bank accounts that certain conspirators controlled.

In violation of Title 18, United States Code, Section 1956(h).

## Counts 2 through 6

### (Laundering of Monetary Instruments)

1. The allegations in Paragraphs 1 and 3 through 10 of Count 1 are incorporated as if set forth at length herein.

2. On or about the dates listed below, in Hudson County, in the District of New Jersey, and elsewhere, the defendants listed below, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, did knowingly and willfully conduct, cause to be conducted, and attempt to conduct the following financial transactions which, in fact, involved the proceeds of specified unlawful activity, namely drug distribution:

| Count | Defendants | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 2 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector,"<br><br>MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," and<br><br>FNU LNU, a/k/a "Raffi" | 7/18/1998 | $150,050 | Currency delivered to North Bergen, New Jersey |
| 3 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector,"<br><br>MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," and<br><br>FNU LNU, a/k/a "Raffi" | 11/5/1998 | $149,483 | Currency delivered to Union City, New Jersey |

6

| 4 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," <br><br> MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," and <br><br> HECTOR FABIO GARCIA, a/k/a "Rubin" | 7/28/1999 | $80,470 | Currency delivered to Union City, New Jersey |
|---|---|---|---|---|
| 5 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," <br><br> MARCOS IVAN ESPINOZA DE LEON, a/k/a "Marquitos," and <br><br> HECTOR FABIO GARCIA, a/k/a "Rubin" | 8/25/1999 | $188,946 | Currency delivered to Union City, New Jersey |
| 6 | SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector," and <br><br> HECTOR FABIO GARCIA, a/k/a "Rubin" | 9/22/1999 | $500,000 | Attempt to deliver currency to Union City, New Jersey |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

7

Count 7

(Conspiracy to Commit Narcotics Trafficking)

THE CONSPIRACY

1. The allegations in Paragraphs 1 and 3 through 10 of Count 1 are incorporated as if set forth at length herein.

2. From in or about June 1998 through in or about December 2000, in the District of New Jersey and elsewhere, defendants

SALOMON CAMACHO MORA,
a/k/a "El Viejo,"
a/k/a "Papa Grande,"
a/k/a "Hector,"
and
HERMAGORAS GONZALEZ-POLANCO,
a/k/a "Armando Gonzalez Apushana,"
a/k/a "Gordito Gonzalez,"
a/k/a "Milciades"

did knowingly and intentionally conspire and agree with each other and with others to distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Sections 841(a) and 841(b)(1)(A).

OBJECT OF THE CONSPIRACY

3. It was the principal object of the conspiracy to smuggle large quantities of cocaine from Colombia, South America to the United States, via Venezuela, South America and Puerto Rico.

8

## MANNER AND MEANS

4. It was part of the conspiracy that defendant SALOMON CAMACHO MORA and members of his drug organization purchased multi-kilogram quantities of cocaine from various cocaine processing laboratories located in Colombia, and arranged for the transportation of the cocaine loads to various shipping ports in Venezuela, South America.

5. It was further part of the conspiracy that defendant SALOMON CAMACHO MORA and members of his drug organization sold the cocaine shipments to other drug trafficking organizations operating in Puerto Rico, the Dominican Republic, and the United States.

6. It was further part of the conspiracy that defendant HERMAGORAS GONZALEZ-POLANCO received and stored these drug shipments in Venezuela, and arranged for the maritime transportation of such shipments to Puerto Rico and the United States.

7. It was further of the conspiracy that the drug shipments were later sold in the United States and Puerto Rico, which generated substantial profits for defendant SALOMON CAMACHO MORA and HERMAGORAS GONZALEZ-POLANCO, and other members of the drug organization.

In violation of Title 21, United States Code, Section 846.

9

### Count 8

(Narcotics Trafficking)

1. The allegations in Paragraphs 1 and 3 through 10 of Count 1, and Paragraphs 3 through 7 of Count 7, are incorporated as if set forth at length herein.

2. On or about August 9, 2000, in the District of New Jersey and elsewhere, defendants

SALOMON CAMACHO MORA
a/k/a "El Viejo,"
a/k/a "Papa Grande,"
a/k/a "Hector,"
HERMAGORAS GONZALEZ-POLANCO
a/k/a "Armando Gonzalez Apushana,"
a/k/a "Gordito Gonzalez,"
a/k/a "El Tio,"
a/k/a "Milciades"

did knowingly and intentionally distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine, a Schedule II narcotic drug controlled substance.

In violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(A).

## FIRST FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 6 are incorporated as if set forth at length herein for the purposes of noticing forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of an offense set forth in Counts 1 through 6 of this Indictment shall forfeit to the United States the following property:

   a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, for which the defendant is convicted, and all property traceable to such property, including the following:

   (i) all money and other property that was the subject of each transaction, transportation, transmission, and transfer in violation of Title 18, United States Code, Section 1956;

   (ii) all commission, fees and other property constituting proceeds obtained as a result of those violations; and

   (iii) all property used in any manner and part to commit and to facilitate the commission of those violations.

   b. A money judgment equal to the total amount of money involved in any offense set forth in Counts 1 through 6 for which each defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in the offense.

11

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 2 above, if, by any act and omission of any defendant, the property described in paragraph 2, or any portion there of:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred, sold to or deposited with a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty.

Pursuant to Title 18, United States Code, Section 982(a)(1).

## SECOND FORFEITURE ALLEGATION

1. The allegations contained in Counts 7 and 8 are incorporated as if set forth at length herein for the purposes of noticing forfeiture, pursuant to Title 21, United States Code, Section 853.

2. As a result of committing one or more of the controlled substance offenses alleged in Counts 7 and 8 of this Indictment, defendants SALOMON CAMACHO MORA and HERMAGORAS GONZALEZ-POLANCO shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly, as a result of each violation for which he is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of each violation alleged in Counts 7 and 8 of this Indictment for which he is convicted, including but not limited to the proceeds of such criminal activity, namely a sum of money equal to $35,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offense of narcotics trafficking, for which the defendants are jointly and severally liable.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the Court;

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which cannot be subdivided without difficulty;

13

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, up to the value of the amount described in paragraph 2 above.

Pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

*[signature: Christopher J. Christie]*

CHRISTOPHER J. CHRISTIE
United States Attorney

14

CASE NUMBER: _____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

SOLOMON CAMACHO MORA, et al.

## SUPERSEDING INDICTMENT FOR

Title 18 U.S.C. §§ 1956, 982 and 2,
Title 21 U.S.C. §§ 841, 846, 853

A True Bill,

_____
Foreperson

CHRISTOPHER J. CHRISTIE
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

*CHRISTOPHER GRAMICCIONI*
*ASSISTANT U.S. ATTORNEY*
*973-297-2067*

USA-18AD 8
(Ed. 1/97)