1996R04395/ewm

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 02-714 (WHW) |
| v. | |
| SALOMON CAMACHO MORA, <br>   a/k/a "El Viejo," <br>   a/k/a "Papa Grande," <br>   a/k/a "Hector," <br> HERMAGORAS GONZALEZ-POLANCO, <br>   a/k/a "Armando Gonzalez Apushana," <br>   a/k/a "Gordito Gonzalez," <br>   a/k/a "Milciades," <br> MARCOS IVAN ESPINOZA DE LEON, <br>   a/k/a "Marquitos," <br> FNULNU, <br>   a/k/a "Raffi," and <br> HECTOR FABIO GARCIA, <br>   a/k/a "Rubin" | ORDER |

This matter having been opened to the Court on the application of Paul J. Fishman, United States Attorney for the District of New Jersey (Rodney C. Villazor, Assistant U.S. Attorney, appearing), and counsel for defendant SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector" (William A. Clay, Esq., appearing) having consented to the instant order, and good cause having been shown, the Court makes the following findings:

    1. This case is sufficiently complex, due to the nature of the prosecution, and it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by Title 18, United States Code, Section 3161. For example, the case involves

- 1 -

numerous defendants, and numerous recorded calls that took place over the course of an extended period of time and involve the review, translation, transcription, and production of same.

2. The defendant is alleged to be a members of an international narcotics organization whose goal it was to smuggle cocaine from Colombia and elsewhere into the United States and to launder the proceeds of such activity. The allegations attendant with this case involve evidence from multiple countries.

3. Plea negotiations are currently in progress, and both the United States and the defendant desires additional time to negotiate a plea agreement, which would render a trial of this matter unnecessary. Defendant has requested the aforementioned second continuance, and the United States has consented.

4. The ends of justice served by a continuance of the trial date in this matter until January 10, 2011 outweigh the interest of the public and the defendant in a speedy trial.

IT IS, therefore, on this 16 day of July, 2010,

ORDERED that the trial date in this matter is continued until January 10, 2011, and that the period of time from the date this Order is entered through January 10, 2011 shall be excluded for the purposes of computing time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(ii), (h)(7)(B)(iv); and it is further ORDERED that pre-trial motions shall be filed upon further order of the Court.

HON. WILLIAM H. WALLS
United States District Judge

Form and entry
consented to:

*[signature]*
———————————————
RODNEY C. VILLAZOR
Assistant U.S. Attorney


___(see attached)_____
William A. Clay, Esq.
Counsel for defendant SALOMON CAMACHO MORA



1996R04395/rwm

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Criminal No. 02-714 (WHW)

v. :

SALOMON CAMACHO MORA, :
  a/k/a "El Viejo," :
  a/k/a "Papa Grande," :
  a/k/a "Hector," :
HERMAGORAS GONZALEZ-POLANCO, :
  a/k/a "Armando Gonzalez Apushana," :
  a/k/a "Gordito Gonzalez," :
  a/k/a "Milciades," : ORDER
MARCOS IVAN ESPINOZA DE LEON, :
  a/k/a "Marquitos," :
FNULNU, :
  a/k/a "Raffi," and :
HECTOR FABIO GARCIA, :
  a/k/a "Rubin" :

*Handwritten annotation:* I, WILLIAM A. CLAY, COUNSEL FOR THE DEFENDANT, SALOMON CAMACHO MORA, AGREE WITH THIS PROPOSED ORDER
Wm A. Clay
7-7-10

This matter having been opened to the Court on the application of Paul J. Fishman, United States Attorney for the District of New Jersey (Rodney C. Villazor, Assistant U.S. Attorney, appearing), and counsel for defendant SALOMON CAMACHO MORA, a/k/a "El Viejo," a/k/a "Papa Grande," a/k/a "Hector" (William A. Clay, Esq., appearing) having consented to the instant order, and good cause having been shown, the Court makes the following findings:

1. This case is sufficiently complex, due to the nature of the prosecution, and it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by Title 18, United States Code, Section 3161. For example, the case involves

- 1 -