

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, NJ 07102*

ANS/PL AGR
2002R01982

July 31, 2014

William Clay, Esq.
11440 N. Kendall Drive
Suite 400
Miami, Florida 33176

Re:    Plea Agreement with Salomon Camacho-Mora

Dear Mr. Clay:

This letter sets forth the plea agreement between your client, Salomon Camacho-Mora ("CAMACHO-MORA"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until September 1, 2014, and if this agreement is not signed and returned to the undersigned on or before that date, this offer will expire.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from CAMACHO-MORA to Count Seven of the Superseding Indictment, Crim. No. 02-714 (WHW), which charges him with knowingly and intentionally conspiring with others to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. § 841(a) and (b)(1)(A), in violation of 21 U.S.C. § 846. If CAMACHO-MORA enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against him for laundering narcotics proceeds and distributing cocaine from June 1, 1998 through December 2000. In addition, if CAMACHO-MORA fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts One, Two, Three, Four, Five, Six and Eight of Superseding Indictment, Criminal No. 02-714 (WHW), against Salomon Camacho-Mora. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of

this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by CAMACHO-MORA may be commenced against him, notwithstanding the expiration of the limitations period after he signs the agreement.

## Sentencing

The violation of 21 U.S.C. § 846 to which CAMACHO-MORA agrees to plead guilty carries a statutory minimum prison sentence of ten (10) years and a statutory maximum prison sentence of life imprisonment. This violation carries a statutory maximum fine equal to the greatest of: (1) $10,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon CAMACHO-MORA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence CAMACHO-MORA ultimately will receive.

Further, in addition to imposing any other penalty on CAMACHO-MORA, the sentencing judge: (1) will order CAMACHO-MORA to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order CAMACHO-MORA to pay restitution, pursuant to 18 U.S.C. § 3663; (3) may order CAMACHO-MORA, pursuant to 18 U.S.C. § 3555, to give notice to any victim of his offenses; (4) may deny CAMACHO-MORA certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862(a); and (5) must require CAMACHO-MORA, pursuant to 21 U.S.C. § 841(b)(1)(A), to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should CAMACHO-MORA subsequently violate any of the conditions of supervised release before the expiration of its term, CAMACHO-MORA may be sentenced to not more than 5 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on CAMACHO-MORA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the court and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and

2

the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of CAMACHO-MORA's activities and relevant conduct with respect to this case.

Stipulations

This Office and CAMACHO-MORA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or CAMACHO-MORA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and CAMACHO-MORA waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

CAMACHO-MORA agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, CAMACHO-MORA will forfeit to the United States the following specific property as set forth in Schedule B (collectively, the "Forfeitable Property").

In addition, CAMACHO-MORA will consent to the entry of a forfeiture money judgment in the amount of $1,600,000 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that $1,600,000 and the Forfeitable Property are subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 846, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense; and property, real or personal, used or intended to be used to commit or to promote the commission of an offense in violation of 21 U.S.C. § 846, or any property traceable to such property; and property constituting or derived from, proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 846; property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of a violation of 21 U.S.C. 846.

3

Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

CAMACHO-MORA further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. CAMACHO-MORA agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. CAMACHO-MORA understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

CAMACHO-MORA hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

CAMACHO-MORA understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. CAMACHO-MORA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. CAMACHO-MORA wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. CAMACHO-MORA understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, CAMACHO-MORA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

4

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against CAMACHO-MORA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against CAMACHO-MORA.

No Other Promises

This agreement constitutes the plea agreement between CAMACHO-MORA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Adam N. Subervi
Assistant U.S. Attorney

APPROVED:

Ronnell L. Wilson
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, William Clay, Esq. This letter has been translated in to Spanish. I have read it and/or it has been read to me. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, restitution, stipulations, waiver, forfeiture, immigration, and tax consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 8-29-14
Salomon Camacho-Mora
                                                10-15-14

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, restitution, stipulations, waiver, forfeiture, immigration, and tax consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 8/29/14
William Clay, Esq.
                                                10-15-14

6

**Plea Agreement With Salomon Camacho-Mora**

**Schedule A**

1. This Office and SALOMON CAMACHO-MORA ("CAMACHO-MORA") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and CAMACHO-MORA nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence CAMACHO-MORA within the Guidelines range that results from the total Guidelines offense level set forth below, subject to a possible variance as set forth in Paragraph 12 below. This Office and CAMACHO-MORA further agree that, with the exception of arguments regarding a variance as set forth in Paragraph 12 below, neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. The offense involves at least 50 kilograms, but less than 150 kilograms of cocaine. This results in a Base Offense Level of 36. See U.S.S.G. § 2D1.1(c)(2).

4. CAMACHO-MORA was a manager or supervisor of the relevant criminal activity and the criminal activity involved five or more participants and was otherwise extensive, pursuant to U.S.S.G. § 3B1.1(b). This results in an increase of 3 levels.

5. In accordance with the above, the parties agree that the total Guidelines offense level applicable to CAMACHO-MORA is 39 ("the agreed Count Seven Guidelines offense level").

6. As of the date of this letter, CAMACHO-MORA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if CAMACHO-MORA's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, CAMACHO-MORA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If CAMACHO-MORA enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition CAMACHO-MORA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, CAMACHO-MORA will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to CAMACHO-MORA is 36 (collectively, "the agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10. CAMACHO-MORA knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 36. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 36. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

12. The United States Sentencing Commission has published a proposed amendment that would lower by two levels the base offense levels associated with the various drug quantities set forth in the Table at U.S.S.G. §2D1.1(c). Although that proposed amendment has not yet been adopted by the United States Sentencing Commission and has not become effective, it is the policy of the United States Department of Justice that the base offense levels for drug offenses should be reduced by two levels under certain circumstances. Accordingly, the United States does not oppose a downward variance of two levels. To the extent that this downward variance of two levels is granted by this Court, the defendant agrees not to seek a further reduced sentence pursuant to 18 U.S.C. Section 3582(c) on the basis of the two-level reduction, in the event the two-level reduction is adopted and made retroactive by the United States Sentencing Commission.

## Forfeitable Property

## Schedule B

1. Muletos Farm (7,413 acres), Puerto Lopez, Meta, Republic of Colombia

2. Castillo Grande, Calle 5, # 13-85, Cartagena, Republic of Colombia

3. Inversions Camacho Esupinan, Trv 17, 120-42, Office 401, Bogota, Republic of Colombia

4. Extasis Motel, Via Aeropuerto, # Km 11, Girón, Santander, Republic of Colombia

5. Primavera Farm (2,223 acres), Puerto Lopez, Meta, Republic of Colombia

6. El Socorro Farm (1,235 acres), Arenales, Meta, Republic of Colombia

7. Beach property, Isle of Tierra Bomba, Cartagena, Republic of Colombia, more particularly described as follows:

    Isla de tierra Bomba en jurisdiciccion del Districto de Cartagena, comprendido dentro de los siguientes linderos y medidas; Norte: con bahia de Cartagena y mide pore se lado 64.92 Mts. – Sur: Con la Laguna de tierra Bomba y mide 73.49 Mts. Por el Este: Que es la Derecha: mide 81.20 Mts con el Districto de Cartagena, para un area total de 5.893 Mts 2 con matricula inmobiliaria No 060-187774 de la Oficina registral de instrumentos publicos de Cartagena, Colombia.

    *Translated as*: Island of Tierra Bomba, in the jurisdiction of the District of Cartagena included inside of the following boundaries and measurements, North: Bay of Cartagena and measures 64.92 mts. South: Lagoon of Tierra Bomba and measures 73.49 mts.; East: property of Alirio Rendon and measures 93 mts. West: District of Cartagena and measures 81.20 mts. for a total area of 5.893 Mts squared with the real estate registration number 060-187774 of the Oficina registral de instrumentos publicos de Cartagena, Colombia.

8. Concasa 20th floor Penthouse, Cartagena, Republic of Colombia