2002R01982/199604395/ANS/BAW/

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William H. Walls |
| v. | : | Crim. No. 02-714 (WHW) |
| SALOMON CAMACHO-MORA, | : | CONSENT JUDGMENT OF FORFEITURE (MONEY |
| Defendant. | : | JUDGMENT) AND PRELIMINARY ORDER OF FORFEITURE |
| | : | AS TO SPECIFIC PROPERTY <u>(FINAL AS TO THE DEFENDANT)</u> |
| | : | |

WHEREAS, on or about October 15, 2014, defendant SALOMON CAMACHO-MORA pleaded guilty pursuant to a plea agreement with the United States to Count Seven of Superseding Indictment Crim. No. 02-714 (WHW) (the "Indictment"), which charged him with conspiring to distribute 5 kilograms or more of cocaine, contrary to 21 U.S.C. § 841(a) and (b)(1)(A), in violation of 21 U.S.C. § 846;

WHEREAS, pursuant to 21 U.S.C. § 853(a), upon conviction of the offense charged in Count Seven of the Indictment, a defendant is required to forfeit to the United States all property constituting or derived from any proceeds the defendant obtained directly or indirectly, as a result of such violation, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense;

WHEREAS, pursuant to a plea agreement entered into between the defendant and the Government, and as part of the defendant's acceptance of responsibility, defendant SALOMON CAMACHO-MORA agreed to forfeit to the United States, pursuant to 21 U.S.C. § 853, a sum of money equal to $1,600,000, representing the proceeds of the offense charged in Count Seven of the Indictment, and the property that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of said offense (the "Money Judgment"), and all of the defendant's right, title and interest in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense, including but not limited to the property described in Schedule A hereto (the "Specific "Property"), which the defendant admits has the requisite nexus to the offense to which the defendant has agreed to plead guilty, with any forfeited money and the net proceeds derived from the sale of the forfeited Specific Property to be applied to the Money Judgment, in partial satisfaction thereof;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, the provisions of 21 U.S.C. § 853(n) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant SALOMON CAMACHO-MORA:

(1) Consents to the forfeiture to the United States of $1,600,000 as a sum of money representing the proceeds of the offense charged in Count Seven of the Indictment, and the property used to commit and to facilitate the commission of such offense (the "Money Judgment");

(2) Consents to the imposition of a money judgment in the amount of $1,600,000 pursuant to 21 U.S.C. § 853, and agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4) Agrees promptly to pay the Money Judgment in full;

(5) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(6) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any

failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(7) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(8) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## *Money Judgment*

1. As a result of the defendant's conviction of the narcotics trafficking conspiracy offense charged in Count Seven of the Indictment, pursuant to 21 U.S.C. § 853, a criminal forfeiture money judgment in the amount of $1,600,000 (the "Money Judgment") shall be entered against the defendant.

2. The defendant having given his consent pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), upon entry of this Order of Forfeiture, this Order is final as to the defendant SALOMON CAMACHO-MORA, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money

Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.	Pursuant to 21 U.S.C. § 853, the United States Marshals Service is authorized to deposit all payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.	Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

**_Specific Property_**

6.	As a further result of the defendant's conviction of the narcotics trafficking conspiracy offense charged in Count Seven of the Indictment, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the property described in Schedule A hereto (the "Specific Property") is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

7.	Upon entry of a final order of forfeiture as to the Specific Property, the proceeds from the sale of the Specific Property shall be applied to the Money Judgment, in partial satisfaction thereof.

8.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant SALOMON CAMACHO-MORA, shall be made part of the sentence of defendant SALOMON CAMACHO-MORA, and shall be included in the judgment of conviction therewith.

9.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

10. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Pursuant to Fed R. Crim. P. 23.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact Indictment for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and

extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

12. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

13. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

14. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 15th day of October, 2014.

_____
HONORABLE WILLIAM H. WALLS
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

PAUL J. FISHMAN
United States Attorney

By: _____  Dated: 10/15/2014
     ADAM N. SUBERVI
     BARBARA A. WARD
Assistant United States Attorneys

_____  Dated: 10-15-2014
WILLIAM A. CLAY, ESQ.
Attorney for Defendant Salomon Camacho-Mora

_____  Dated:
SALOMON CAMACHO-MORA, Defendant

-8-

# **SCHEDULE A**

## **Forfeited Specific Property**

1. Muletos Farm (7,413 acres), Puerto Lopez, Meta, Republic of Colombia

2. Castillo Grande, Calle 5, # 13-85, Cartagena, Republic of Colombia

3. Inversions Camacho Esupinan, Trv 17, 120-42, Office 401, Bogota, Republic of Colombia

4. Extasis Motel, Via Aeropuerto, # Km 11, Girón, Santander, Republic of Colombia

5. Primavera Farm (2,223 acres), Puerto Lopez, Meta, Republic of Colombia

6. El Socorro Farm (1,235 acres), Arenales, Meta, Republic of Colombia

7. Beach property, Isle of Tierra Bomba, Cartagena, Republic of Colombia, more particularly described as follows:

    Isla de tierra Bomba en jurisdiciccion del Districto de Cartagena, comprendido dentro de los siguientes linderos y medidas; Norte: con bahia de Cartagena y mide pore se lado 64.92 Mts. – Sur: Con la Laguna de tierra Bomba y mide 73.49 Mts. Por el Este: Que es la Derecha: mide 81.20 Mts con el Districto de Cartagena, para un area total de 5.893 Mts 2 con matricula inmobiliaria No 060-187774 de la Oficina registral de instrumentos publicos de Cartagena, Colombia.

    *Translated as*: Island of Tierra Bomba, in the jurisdiction of the District of Cartagena included inside of the following boundaries and measurements, North: Bay of Cartagena and measures 64.92 mts. South: Lagoon of Tierra Bomba and measures 73.49 mts.; East: property of Alirio Rendon and measures 93 mts. West: District of Cartagena and measures 81.20 mts. for a total area of 5.893 Mts squared with the real estate registration number 060-187774 of the Oficina registral de instrumentos publicos de Cartagena, Colombia.

8. Concasa 20th floor Penthouse, Cartagena, Republic of Colombia